**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 23, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30791
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR T. MITCHELL

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CR-4-D-M1
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Arthur T. Mitchell appeals the sentence imposed following his guilty-plea conviction for possession of a firearm by a felon, arguing that it violates the Sixth Amendment rule announced in Blakely v. Washington, 542 U.S. 296 (2004). After briefing, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005), extending to the Sentencing Guidelines the Court's Sixth Amendment holding in Blakely and rendering the Guidelines advisory only. Mitchell's Blakely objection in the district court preserved the issue for appeal, and we review for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

harmless error, which requires a showing beyond a reasonable doubt that the district court would have imposed the same sentence if it had been operating under an advisory guidelines system.  See United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005).

Our review of the record convinces us that the error in this case cannot be considered harmless.  Although the district court sentenced Mitchell to the maximum sentence authorized by the then-mandatory guidelines range, that fact is insufficient, standing alone, to satisfy the Government's burden.  See United States v. Woods, ___ F.3d ___, No. 04-11058, 2006 WL 163475 (5th Cir. Jan. 24, 2005).  The district court's comments about the defendant's criminal history and the impact of his offense shed no additional light on what the court would have done if the Guidelines had been advisory; they may simply reflect why the court believed the sentence was appropriate within the mandatory guidelines framework.

SENTENCE VACATED; REMANDED FOR RESENTENCING.